# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAFAYETTE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-1121 |
| | ) | |
| v. | ) | Judge McVerry |
| | ) | Magistrate Judge Bissoon |
| CITY OF PITTSBURGH, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that this civil action be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

### II. REPORT

Plaintiff, Lafayette Brown ("Brown" or "Plaintiff"), apparently has been receiving benefits pursuant to Pennsylvania's Workers' Compensation Act since an injury he incurred in 1977. In this suit, Brown contends that his employer, the City of Pittsburgh, has "been lobbying doctors and my 5 attorneys and 10 judges to rescind my medical records" (Doc. 2). He alleges that the City of Pittsburgh has refused to pay for medical bills in the past, but that they have paid 75% of such bills since 2003. Brown, although conceding he now receives Workers' Compensation benefits, seeks $100,000,000 from the City of Pittsburgh "because of [his] employer lobbying everyone" since 1977 to deny him benefits.

Brown moved to proceed *in forma pauperis* (Doc. 1) and that motion was granted.

### A. **Applicable Law.**

Congress has mandated that the court review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). That section provides in relevant parts as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). This section applies equally to prisoner as well as non-prisoner *in forma pauperis* cases. See Newsome v. Equal Employment Opportunity Commission, 301 F.3d 227, 231-33 (5th Cir.2002)(affirming dismissal of non-prisoner claims for frivolity and failure to state a claim under § 1915(e)(2)(B)(i) and (ii)); Cieszkowska v. Gray Line New York, 295 F.3d 204, 205-206 (2nd Cir.2002)(affirming dismissal of *in forma pauperis* non-prisoner case for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)).

In determining whether Plaintiff has stated a claim upon which relief can be granted, the standard of Federal Rule of Civil Procedure 12(b)(6) is applicable. As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, _ U.S. _, 127 S.Ct. 1955 (2007), a complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at _, 1974 (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

B. Analysis

Reading the complaint in the light most favorable to Brown, at best, he complains that he is dissatisfied with his state court Workers' Compensation proceeding and, particularly, with the City of Pittsburgh's role therein. Brown has filed two related cases in this Court against two of the attorneys who represented him in the state court proceedings (Civil Action Nos. 08-1119 and 08-1120). The undersigned could not find a basis for federal jurisdiction in those cases and, likewise, cannot do so here.

Federal courts lack jurisdiction over claims concerning determinations made in state actions pursuant to the Rooker-Feldman doctrine, which prevents federal review of claims which were or could have been raised in the state actions. See D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923). An unsuccessful party in a state court proceeding may not "seek[ ] what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal right." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994). In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005), the Supreme Court offered clarification of the Rooker-Feldman doctrine, noting that it is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Here, Brown clearly complains of a state-court judgment concerning his Workers' Compensation benefits, and seeks to raise here claims that either were - or should have been - pursued in his state court proceeding. This Court lacks jurisdiction to address such claims. See, Bass v. Butler, 238 F.Appx. 773, 775 (3d Cir. 2007) noting that "as applied" due process challenge to provisions of Workers' Compensation Act was barred by Rooker-Feldman).

## III CONCLUSION

For the reasons set out in this Report and Recommendation, it is respectfully recommended that this civil action be dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by September 11, 2008.

August 25, 2008                    s/Cathy Bissoon
                                   Cathy Bissoon
                                   United States Magistrate Judge


cc:
LAFAYETTE BROWN
2656 Leland Street
Pittsburgh, PA 15214